FILED
NOV 2 4 2026
CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| JONATHAN ZANDER,<br>Plaintiff,<br><br>v.<br><br>FIRST AMENDMENT LLC and<br>MAKE LIBERTY WIN LLC,<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 4:26-cv-01773<br>SDJ/BD |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Jonathan Zander, representing himself, files this complaint against Defendants First Amendment LLC and Make Liberty Win LLC and alleges:

## I. NATURE OF THE ACTION

1. This is an action under the Telephone Consumer Protection Act, 47 U.S.C. § 227(b), and Texas Business and Commerce Code § 305.053, for two calls that delivered an artificial or prerecorded voice message to Plaintiff's cellular telephone without his consent. The messages, which opposed a candidate for the Texas House of Representatives, state that they were "paid for by First Amendment LLC." Plaintiff seeks statutory damages of $6,000 and an injunction.

## II. PARTIES

2. Plaintiff Jonathan Zander is an individual who resides at 11201 Williamsburg Lane, Frisco, Collin County, Texas 75035. The calls were placed to his personal cellular telephone number, (214) 538-1564.

3. Defendant First Amendment LLC is a Delaware limited liability company, Delaware File No. 10761505, formed September 8, 2026 (Exhibit D-2). It may be served through its registered agent, A Registered Agent, Inc., 8 The Green, Suite A, Dover, Delaware 19901. It is registered with the Texas Ethics Commission as a direct-campaign-expenditure filer, Filer ID 00091280, and gives its address as 10521 Judicial Drive, Suite 200-A, Fairfax,

Virginia 22030 (Exhibit D-1).

4. Defendant Make Liberty Win LLC is a Delaware limited liability company, Delaware File No. 10740459, formed August 19, 2026 (Exhibit D-3). It may be served through its registered agent, A Registered Agent, Inc., 8 The Green, Suite A, Dover, Delaware 19901. It is registered with the Federal Election Commission, Committee ID C00731133, at the same Fairfax, Virginia address.

## III. JURISDICTION AND VENUE

5. The Court has subject-matter jurisdiction over Count I under 28 U.S.C. § 1331 because it arises under a federal statute, 47 U.S.C. § 227. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 386–87 (2012). The Court has supplemental jurisdiction over Count II under 28 U.S.C. § 1367(a) because it arises from the same two calls and forms part of the same case or controversy.

6. The Court has personal jurisdiction over each Defendant. Fed. R. Civ. P. 4(k)(1)(A); Tex. Civ. Prac. & Rem. Code § 17.042. Each Defendant purposefully directed the calls into Texas, to a Texas telephone number held by a Texas resident, to influence the outcome of a Texas election for a Collin County legislative seat, and Plaintiff's claims arise from those calls. First Amendment LLC also registered with and filed a sworn report to the Texas Ethics Commission disclosing payments for telephone calls to Texas voters opposing that candidate (Exhibit D-1).

7. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred here: Plaintiff received both calls and both voicemail messages in Collin County, Texas. Collin County lies in the Sherman Division. 28 U.S.C. § 124(c)(3).

## IV. FACTS

### A. The two calls

8. Plaintiff has never given either Defendant, any candidate or committee, or anyone acting for them his telephone number or his consent to be called with an artificial or prerecorded voice. He is not a donor, volunteer, subscriber, or contact of either Defendant or of any candidate they support or oppose.

9. Two voice messages were nonetheless delivered to Plaintiff's cellular number (Exhibits A-1 to A-4):

| # | Date / time (Central) | Caller ID | What the record shows |
|---|---|---|---|
| 1 | Sat., Oct. 10, 2026, 11:34 AM | (512) 277-6085 | Incoming call; 1-minute-14-second voicemail. The recording begins in the middle of the message, runs to the sponsor disclaimer and callback number, then starts the message again from its opening line, "This is Logan of First Amendment LLC," and runs the same script, word for word, in the same voice until the voicemail ends (Exhibit A-1). |
| 2 | Sat., Oct. 31, 2026, 11:12 AM | (512) 547-4327 | Incoming call, not answered; 55-second voicemail. The message opens and closes with the same disclaimer, "This call is political advertising paid for by First Amendment LLC and not authorized by any candidate or candidate's committee, 877-873-5783," is announced by a different first name ("Lane"), and delivers in substance the same message opposing the same candidate (Exhibit A-2). |

10. Both were incoming calls. Plaintiff's call history shows no call from Plaintiff to either number at any time, and both calls went to Plaintiff's voicemail with no conversation on either (Exhibits A-3, A-4). Neither calling number has called Plaintiff since October 31, 2026.

11. Both messages were political advertisements opposing State Representative Mihaela Plesa, the incumbent in Texas House District 70, which lies in Collin County, and asking the listener to vote against her on November 3, 2026. The October 31 message also asked the listener to vote to re-elect the Texas Comptroller of Public Accounts.

**B. The messages were an artificial or prerecorded voice**

12. The record shows that both messages were delivered by an artificial or prerecorded voice, not by a person speaking live:

13. *The October 10 voicemail.* A person leaving a live voicemail hears the greeting, waits for the tone, speaks, and hangs up. The October 10 recording does none of these things. It begins mid-sentence, because the message was already playing when the voicemail began recording. It then reaches the sponsor disclaimer and callback number, and the message starts over from its opening line and runs the same script again, word for word, in the same voice, until the voicemail system cuts it off (Exhibit A-1). Defendants' counsel has explained the repetition this way: "The political message was delivered twice because the line did not disconnect" (Exhibit E). A message that keeps playing because no one ended the call is how an automated message behaves.

14. *The required prerecorded-message disclosures.* Both messages open or close with a scripted sponsor identification and callback number of the kind that 47 C.F.R. § 64.1200(b) requires at the beginning and end of every artificial or prerecorded voice message.

15. *Same script, different numbers, different names.* The October 31 call came from a different number and announced a different first name ("Lane"), with the same structure, the same disclaimer, and the same callback number.

16. *Independent robocall indexes.* Nomorobo, a call-blocking service that classifies callers from calls captured on lines that no person answers or solicits, classifies both (512) 277-6085 and (512) 547-4327 as "Political Robocall." Its published transcript of the (512) 277-6085 message is the same First Amendment LLC script and ends, "To be added to our Do not call list, please press 9," an interactive-voice-response prompt. YouMail's public directory shows the same two numbers leaving the same "This is [name] with First Amendment LLC" script, under other first names, on other recipients' voicemails, including recipients in other states (Exhibit F).

17. *Scale.* First Amendment LLC reported to the Texas Ethics Commission $5,715,312 in expenditures, including a $247,650.00 payment to Make Liberty Win LLC for "Direct Mail, Phone Calls & Digital Ads Opposing Mihaela Plesa (HD-70)" in a single House district

(Exhibit D-1).

18. Even if a live agent placed each call, the messages are still an "artificial or prerecorded voice" unless a person spoke every word in real time. Recorded audio clips played by a live agent are prerecorded voice messages. *In re NorthStar Alarm Servs., LLC's Petition for Expedited Declaratory Ruling*, 35 FCC Rcd. 14640 (CGB 2020). A voice generated by artificial-intelligence software is an "artificial" voice. *Implications of Artificial Intelligence Technologies on Protecting Consumers from Unwanted Robocalls and Robotexts*, Declaratory Ruling, FCC 24-17, CG Docket No. 23-362 (rel. Feb. 8, 2024).

19. The dialing platform, the voice technology, the audio files, and the identity of the vendor that delivered the messages are within Defendants' exclusive possession. Defendants' counsel has declined to identify them or to provide any document about them (Exhibit E-2). Plaintiff's contention that the messages used an artificial or prerecorded voice is supported by the evidence described above, and it will likely have further evidentiary support after a reasonable opportunity for discovery of those records. Fed. R. Civ. P. 11(b)(3).

**C. Defendants made the calls, or had them made on their behalf**

20. Each message identifies its sponsor by name: "paid for by First Amendment LLC." The callback number each message gives, (877) 873-5783, is the telephone number First Amendment LLC gave the Texas Ethics Commission as its own (Exhibit D-1).

21. First Amendment LLC's sworn report shows that on September 21, 2026, it paid Make Liberty Win LLC $247,650.00 for "Direct Mail, Phone Calls & Digital Ads Opposing Mihaela Plesa (HD-70)," the subject of both messages (Exhibit D-1). On information and belief, Make Liberty Win LLC made or arranged the calls, and it did so on behalf of First Amendment LLC, which paid for them, supplied or approved their content, and put its name and telephone number in them.

22. Counsel for both Defendants, Chalmers, Adams, Backer & Wallen, LLC, has not denied that the calls were Defendants' calls. Counsel's November 2, 2026 letter tells Plaintiff,

"You were called by a real person named Logan who left the political communication on your voicemail," and states that "[t]he political message was delivered twice because the line did not disconnect," and that "Logan delivers the message back-to-back to reach as many voters as possible, as quickly as possible" (Exhibit E). Counsel's November 23, 2026 email states that "the voicemails [were] left by live persons" (Exhibit E-2). Defendants have never claimed that Plaintiff consented.

23. A person who makes a call that violates § 227(b) is directly liable for it, and a person on whose behalf the call is made is liable for it under federal common-law agency principles. *In re Joint Petition Filed by DISH Network, LLC*, 28 FCC Rcd. 6574 (2013). Both Defendants are liable for both calls.

**D. Written notice, and a second call after it**

24. On October 19, 2026, Plaintiff mailed a written demand by certified mail, return receipt requested, to First Amendment LLC at its registered agent in Dover, Delaware (USPS 9589 0710 5270 4589 0878 24), to First Amendment LLC at its Fairfax, Virginia office (USPS 9589 0710 5270 4589 0878 17), and to Make Liberty Win LLC at the same Fairfax office (USPS 9589 0710 5270 4589 0878 00) (Exhibit C-1). The demand identified the October 10 call and Plaintiff's number, and asked that the number be removed from every calling list used by either Defendant or any vendor acting for them.

25. USPS delivered the registered-agent copy on October 23, 2026, and the Fairfax copy addressed to First Amendment LLC on October 26, 2026 (Exhibit C-2), and the signed return receipts for both came back (Exhibit C-3).

26. On October 31, 2026, eight days after the demand reached First Amendment LLC's registered agent and five days after it reached the Fairfax office, the second message was delivered to the same number.

**E. The telephone line**

27. (214) 538-1564 is a wireless telephone number on Plaintiff's family's personal AT&T consumer plan, of which Plaintiff is the sole and customary user. It is assigned to a cellular telephone service. It has been registered on the National Do Not Call Registry since April 28, 2026 (Exhibit B); the registration is offered only to show that the number is an individual's personal number. Plaintiff asserts no do-not-call claim. (Plaintiff's October 19 demand letter described the line as being in his own name on a plan he pays for; this paragraph states the account accurately.)

**F. Prior proceeding**

28. Plaintiff first asserted these claims in the Justice Court, Precinct 4, Collin County, Texas, Cause No. 04-SC-26-00562, filed November 6, 2026. Neither Defendant was served, appeared, or answered there. On November 23, 2026, Plaintiff filed a notice of nonsuit without prejudice under Texas Rule of Civil Procedure 162 and brings the claims in this Court instead.

## V. CLAIMS FOR RELIEF

**Count I: 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(1)(iii) (against both Defendants)**

29. Plaintiff incorporates the paragraphs above.

30. It is unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(1)(iii).

31. The prohibition depends on the technology and the number called, not on the content of the message, and it contains no exception for political messages. The Supreme Court left it in force when it struck the one content-based exception Congress had added. *Barr v. Am. Ass'n of Political Consultants, Inc.*, 591 U.S. 610 (2020). The exemptions for political and other non-commercial calls apply to the do-not-call rules for "telephone solicitations," 47 U.S.C. § 227(a)(4); 47 C.F.R. § 64.1200(f)(15), and to prerecorded calls to residential

landlines, 47 C.F.R. § 64.1200(a)(3)(ii). Neither applies to a prerecorded call to a cellular telephone.

32. Each of the two calls was a call made using an artificial or prerecorded voice to a number assigned to a cellular telephone service, without Plaintiff's prior express consent and not for emergency purposes. Each is a separate violation.

33. Plaintiff may recover $500 for each violation, which the Court may increase to $1,500 for each violation it finds willful or knowing, and may obtain an injunction. 47 U.S.C. § 227(b)(3).

**Count II: Texas Business and Commerce Code § 305.053 (against both Defendants)**

34. Plaintiff incorporates the paragraphs above.

35. A person who receives a communication that violates 47 U.S.C. § 227 or a regulation adopted under it may sue the person who originates the communication for an injunction, damages, or both, and recover $500 for each violation, which the Court may increase to $1,500 for each violation committed knowingly or intentionally. Tex. Bus. & Com. Code § 305.053(a)–(c).

36. Plaintiff received both calls in Texas. Each violated 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(1)(iii). Each Defendant originated both calls: Make Liberty Win LLC by making or arranging them, and First Amendment LLC by paying for them, supplying or approving their content, and placing its own name and telephone number in them.

**Willful and knowing violations**

37. The violations were willful and knowing. Defendants are a professionally run political operation that reported $5.7 million in Texas election spending and put the sponsor identification that the federal telephone rules require into both messages, so they knew those rules governed these calls. Delivering an artificial or prerecorded voice message to a cellular number with no consent record was a deliberate act. As to the second call, Defendants had already received Plaintiff's written demand identifying his number, the violation, and his

request to stop, and the message was delivered anyway.

## VI. DAMAGES

38. Each call supports one award under Count I and one under Count II:

| **Call** | **47 U.S.C. § 227(b)(3)** | **Tex. Bus. & Com. Code § 305.053** | **Per call** |
|---|---|---|---|
| Call 1: Oct. 10, 2026, 11:34 AM, (512) 277-6085 | $1,500 | $1,500 | $3,000 |
| Call 2: Oct. 31, 2026, 11:12 AM, (512) 547-4327 (after written demand) | $1,500 | $1,500 | $3,000 |
| **TOTAL** | **$3,000** | **$3,000** | **$6,000** |

39. The Texas remedy is cumulative of the federal remedy; each statute provides its own award for each violation.

## VII. PRAYER FOR RELIEF

Plaintiff asks the Court to enter judgment against Defendants First Amendment LLC and Make Liberty Win LLC, jointly and severally, for:

(a) statutory damages of $1,500 for each of the two calls under 47 U.S.C. § 227(b)(3), a total of $3,000;

(b) statutory damages of $1,500 for each of the two calls under Texas Business and Commerce Code § 305.053, a total of $3,000;

(c) a permanent injunction under 47 U.S.C. § 227(b)(3)(A) and Texas Business and Commerce Code § 305.053(a)(1) prohibiting Defendants, and anyone acting on their behalf, from making any call using an artificial or prerecorded voice to (214) 538-1564 without Plaintiff's prior express consent;

(d) costs of court, including the filing fee and service costs;

(e) post-judgment interest under 28 U.S.C. § 1961; and

(f) all other relief to which Plaintiff is entitled.

Dated: 11/24, 2026

Respectfully submitted,

Jonathan Zander, Plaintiff, pro se
11201 Williamsburg Lane
Frisco, Texas 75035
Telephone: (214) 538-1564
Email: jzander89@gmail.com

## INDEX OF EXHIBITS

| Exhibit | Description |
|---|---|
| A-1 | Transcript of the October 10, 2026 voicemail from (512) 277-6085 |
| A-2 | Transcript of the October 31, 2026 voicemail from (512) 547-4327 |
| A-3 | Call-history record of every call between (214) 538-1564 and either number |
| A-4 | iPhone Voicemail list screens showing both messages |
| B | National Do Not Call Registry verification for (214) 538-1564 |
| C-1 | USPS certified-mail receipts for the October 19, 2026 demand |
| C-2 | USPS tracking records |
| C-3 | Signed return receipts (PS Form 3811), First Amendment LLC envelopes |
| D-1 | Texas Ethics Commission Direct Campaign Expenditure Report No. 101069892 (excerpt) |
| D-2 | Delaware Division of Corporations record, First Amendment LLC |
| D-3 | Delaware Division of Corporations record, Make Liberty Win LLC |
| E | Letter of Defendants' counsel dated November 2, 2026, with transmittal email |
| E-2 | Emails of Defendants' counsel, November 20 and November 23, 2026 |
| F | Nomorobo and YouMail directory entries for both calling numbers |

The voicemail audio files are preserved and will be produced.